

## SETTLEMENT AGREEMENT

This AGREEMENT is made between the Howell Public Schools (hereinafter "Employer"), Jay McDowell (hereinafter "Employee"), and the Howell Education Association, MEA/NEA (hereinafter "Association").

WHEREAS, on October 25, 2010 Employee was reprimanded with a one-day unpaid suspension, a written reprimand was placed in his file, and a mandate was given to engage in training on First Amendment Rights, and

WHEREAS, a timely grievance was filed by Association on behalf of Employee on October 26, 2010 which Employer denied at Steps III and IV, and

WHEREAS, a demand for arbitration was filed on April 4, 2011 and subsequently, a hearing was scheduled for October 6, 2011, and,

WHEREAS, an Unfair Labor Practice was filed by Association on February 15, 2011, with a hearing date yet to be re-scheduled;

NOW THEREFORE, rather than take the risks inherent in litigation and arbitration, including the risk of loss, and rather than incur the expense of litigation and arbitration, both direct and indirect, the parties agree as follows:

1. <u>Settlement of Grievance filed on behalf of Jay McDowell on October 26, 2010.</u>

    a. The October 25th reprimand and one-day unpaid suspension shall be removed from Employee's personnel file. Documents and records which refer to the one-day suspension shall be revised so that they do not refer to the one-day suspension.
    b. Association shall withdraw said grievance with prejudice and accordingly withdraw Demand for Arbitration identified as MERC case #54 390 00377 11.
    c. Employee shall be reimbursed for lost wages incurred as a result of the one-day suspension referred to in subparagraph 1-a of this Agreement.
    d. The October 25th reprimand and one-day unpaid suspension shall be replaced with a written reprimand as set forth in Exhibit A attached to this document.

2. <u>Withdrawal of Unfair Labor Practice Charge.</u>

    In exchange for the resolution of the October 25th grievance as set forth in section 1 above, Association shall withdraw the Unfair Labor Practice Charge, identified as MERC case No. C11 B-025, with prejudice and without costs or fees to either party.



3. **No precedent.**

    This Settlement Agreement establishes no precedent by and between the parties, establishes no binding practice, and constitutes neither a breach of nor a modification of the Agreement by and between Employer and Association.

4. **No Admission of liability.**

    It is specifically understood and agreed that this Settlement Agreement represents a compromise on the part of the parties and that the intent of the parties in entering into this Settlement Agreement is to avoid further proceedings, litigation or administrative action. The execution of this Settlement Agreement by the parties does not represent, nor shall it be construed as, an admission of any nature whatsoever regarding any matters arising out of the above-referenced reprimand, grievance or Unfair Labor Practice Charge.

5. **Entire Agreement**

    This is the entire agreement between the parties, and it may not be modified except by a writing signed by the parties.

6. **Enforceability**

    This Settlement Agreement may be enforced in a court of competent jurisdiction. It is agreed that the proper venue for an action to enforce this Agreement shall be Livingston County, Michigan, and that this Settlement Agreement shall be construed pursuant to the laws of the State of Michigan.

To indicate their acceptance of this Settlement Agreement, the parties or their authorized representatives have set forth their signatures and seals on the date indicated next to their signatures.

By Jay McDowell, grievant

_____
Signature                                                                                          date

Howell Education Association/MEA/NEA
By Barbara Cameron, its UniServ Director

_____
Signature                                                                                          date

Howell Public Schools
Kristin Clark, its Executive Director of Labor Relations and Personnel

_____
Signature                                                                                          date



Date: October 25, 2010

To: Johnson McDowell, Teacher

From: Aaron Moran, Principal

Re: Written Reprimand

This correspondence serves as a formal written reprimand in response to your actions on October 20, 2010 during 6th period. You are receiving a written reprimand after an investigation into an incident that occurred in your classroom substantiated that you displayed a serious lack of professionalism when you slammed your door, raised your voice and attempted to discipline students for their beliefs. These actions were in violation of District policies and guidelines.

Further, you disregarded a student's constitutionally protected rights to self-expression to wear a belt buckle which you found "personally objectionable," notwithstanding the fact that there was no disruption to the class as a result of this student's apparel. In addition, you loudly and angrily dismissed another student from the class for expressing an opinion which you deemed intolerant and unacceptable, an action which may have violated the student's right to free speech.

The above listed actions are unacceptable and disruptive to the workplace as well as the educational process.

Any further violations as they relate to the conduct referenced above will result in further disciplinary action, up to and including termination.

By signing below, I acknowledge the issues described above were discussed with me and I hereby acknowledge receipt of this notice.

_____         _____
Johnson McDowell, Teacher            Date

C: Personnel File