
## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SANDRA GLOWACKI, on behalf of her minor children, D.K.G. and D.C.G., <br><br> Plaintiffs, <br><br> v. <br><br> HOWELL PUBLIC SCHOOL DISTRICT, JOHNSON ("JAY") McDOWELL, individually and in his official capacity as teacher in the Howell Public School District, <br><br> Defendants. | Case No. 2:11-cv-15481-PJD-DRG <br><br> Hon. Patrick J. Duggan |

---

AMERICAN FREEDOM LAW CENTER
Robert J. Muise (P62849)
Attorney for Plaintiffs
P.O. Box 131098
Ann Arbor, Michigan 48113
rmuise@americanfreedomlawcenter.org
(734) 635-3756

THOMAS MORE LAW CENTER
Erin Mersino (P70886)
Attorneys for Plaintiffs
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, Michigan 48106
emersino@thomasmore.org
(734) 827-2001

THRUN LAW FIRM, P.C.
Roy H. Henley (P39921)
Attorneys for Defendant Howell Public School District
2900 West Road, Ste. 400
P.O. Box 2575
East Lansing, Michigan 48826-2575
rhenley@thrunlaw.com
(517) 484-8000

PLUNKETT COONEY
Suzanne P. Bartos (P36490)
Attorneys for Defendant McDowell
535 Griswold Street, Ste. 2400
Detroit, Michigan 48226
sbartos@plunkettcooney.com
(313) 983-4741

---

### REPLY BRIEF SUPPORTING DEFENDANT HOWELL PUBLIC SCHOOLS' MOTION FOR SUMMARY JUDGMENT

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES .............................................. ii

ARGUMENT ........................................................... 1

    I.    THE SCHOOL DISTRICT'S POLICIES DID NOT CAUSE THE TEACHER'S MISJUDGMENT ..................................... 1

    II.   THE TEACHER'S MISJUDGMENT DOES NOT IMPLY SCHOOL DISTRICT DELIBERATE INDIFFERENCE ........................... 2

    III.  THE TEACHER'S QUALIFIED IMMUNITY DEFEATS PLAINTIFFS' CLAIM OF SCHOOL DISTRICT DELIBERATE INDIFFERENCE ......... 4

CONCLUSION ......................................................... 5

## INDEX OF AUTHORITIES

**Cases**

*Beard v. Whitmore Lake Sch. Dist.*, 244 Fed. Appx. 607 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . . 2

*Owen v. City of Independence.*, 445 U.S. 622, 100 S. Ct. 1398, 63 L. Ed. 2d. 673 (1980) . . . . . . 4

*P.H. v. Sch. Dist. of Kansas City, Missouri*, 265 F.3d 653 (8th Cir. 2001) . . . . . . . . . . . . . . . . . . 3

*Szabla v. City of Brooklyn Park*, 486 F.3d 385 (8th Cir. 2007) (en banc) . . . . . . . . . . . . . . . . . . 4

*Veatch v. Bartels Lutheran Home*, 627 F.3d 1254 (8th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Zamecnik v. Indian Prairie Sch. Dist. No. 204*, 636 F.3d 874 (7th Cir. 2011) . . . . . . . . . . . . . . . 4

**Statutes**

42 U.S.C. § 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## ARGUMENT

### I. THE SCHOOL DISTRICT'S POLICIES DID NOT CAUSE THE TEACHER'S MISJUDGMENT.

Plaintiffs' Brief in Response to the School District's Summary Disposition Motion misleadingly asserts that School District policy drove Mr. McDowell's actions. (Plaintiff's Response Brief, p. 10). Plaintiffs initially assert that the District's policy entitled "Religious Expression in the District" caused Mr. McDowell to remove the Student from class due to its directive that "School officials . . . should intercede to stop student speech that constitutes harassment aimed at a student group or a group of students." (*Id.*).

Their argument is baseless. Placing that statement in context, the School District's policy states:

> Generally, students may pray in a nondisruptive manner when not engaged in school activities or instruction and subject to the rules that normally pertain in the applicable setting. Specifically, students in informal settings, such as cafeterias or hallways, may pray and discuss their religious views with each other, subject to the same rules of order as apply to other student activities and speech. Students may also speak to, and attempt to persuade, their peers about religious topics just as they do with regard to political topics. *School officials, however, should intercede to stop student speech that constitutes harassment aimed at a student group or a group of students.*

(Exh. 1 to Howell Public Schools' Brief Responding to Plaintiffs' Summary Judgment Motion, p. 1, ¶ 2). Any suggestion that this policy language, designed to protect student expressions of faith, could objectively be construed to have caused Mr. McDowell's misjudgment is unsupportable and should be disregarded.

Plaintiffs' assertion that Mr. McDowell testified that school policies were "a moving force" behind removing the Student from his class should further be rejected. Mr. McDowell's deposition testimony reveals he believed the Student's removal from class was justified only due to the

-1-

insubordinate, belligerent, and disruptive conduct the Student allegedly exhibited. (Exh. 6 to Plaintiffs' Brief Responding to School District's Motion for Summary Judgment, pp. 129-130). Nothing about School District policies suggests the substance of the Student's speech was actionable, however.

Nothing in the District's objectively construed policies therefore caused Mr. McDowell to take action against the substance of the Student's speech. Plaintiffs' arguments advocating School District liability in that respect should accordingly be rejected.

## II. THE TEACHER'S MISJUDGMENT DOES NOT IMPLY SCHOOL DISTRICT DELIBERATE INDIFFERENCE.

Mr. McDowell's misjudgment cannot raise an inference of School District deliberate indifference. A teacher's failure to accurately apply established policy cannot be attributed to their employer for purposed of securing municipal liability. *Beard v. Whitmore Lake Sch. Dist.*, 244 Fed. Appx. 607, 611-613 (6th Cir. 2007) (Exh. 1).

In *Beard*, twenty-four high school students were randomly strip searched after a female student reported a few hundred dollars missing from her purse. *Id.* at 608. Although the district had seven pages of policies and guidelines governing the search and seizure of students, school personnel were not familiar with or trained on those policies. *Id.* at 608-609. No evidence, however, existed that teachers routinely encountered situations where they might unconstitutionally search students due to lack of training. *Id.* at 612.

The Sixth Circuit held that those circumstances could not bring about an inference of school district deliberate indifference. The Court reasoned, in relevant part, that:

> First, it is not inherently forseeable that teachers would have ignored the District's policy and guidelines and engaged in an excessive and unconstitutional search. The District, as discussed above, provided teachers with the relevant policies and guidelines and could reasonably expect them to review the policies. As the United States

> Court of Appeals for the Eighth Circuit recently explained, a school district is not liable if its employees "simply chose to disregard [its] handbook and all common sense." *P.H. v. Sch. Dist. of Kansas City, Missouri*, 265 F.3d 653, 661 (8th Cir. 2001). That is what happened here. The teachers disregarded the District's written policies and engaged in a search that this court has found to have been unconstitutional.
>
> Second, while the need to have some policy on unconstitutional searches might be obvious, the need to have a training program above and beyond the policy is not obvious in this case. Clearly, the District recognized that there was a risk that teachers might engage in unconstitutional searches and that having a policy was an appropriate course of action. The risk that unconstitutional searches might occur, however, is distinct from the risk that unconstitutional searches might occur despite the existence of the District's policy limiting such searches. The students blur the line between the two risks when they argue that the District's policies demonstrate there was an obvious risk of unconstitutional searches.
>
> * * *
>
> Finally, it is important not to conflate our *ex post* view of the District's policy from the District's *ex ante* decision not to engage in additional training. Viewed *ex post*, the District's decision not to engage in additional training might have been a poor one in light of the illegal search that resulted from the failure to train. Our analysis, however, must be *ex ante*. The District has numerous policies and guidelines and it would be impossible to provide sufficient training to cover every possible contingency; a decision to have training on one issue might inevitably lead to insufficient training on another. The Supreme Court in *City of Canton* only required district to focus on obvious risks; it did not require them to account for every possible risk.

*Id.* at 611-612.

A governmental entity is therefore not ordinarily responsible under Section 1983 for novel employee errors which are expressly addressed by written policy. As that precisely describes the circumstances in the present case, the School District cannot be held liable for Mr. McDowell's actions.

### III. THE TEACHER'S QUALIFIED IMMUNITY DEFEATS PLAINTIFFS' CLAIM OF SCHOOL DISTRICT DELIBERATE INDIFFERENCE.

If Mr. McDowell is found entitled to qualified immunity, the School District cannot be found deliberately indifferent as a matter of law. In *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254 (8th Cir. 2010), the court held that, "Although a municipality does not enjoy qualified immunity from liability based on the good faith of its officials, *Owen v. City of Independence.*, 445 U.S. 622, 638, 100 S. Ct. 1398, 63 L. Ed. 2d. 673 (1980), a municipality 'cannot exhibit fault rising to the level of deliberate indifference to a constitutional right when that right has not yet been clearly established.' *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 393 (8th Cir. 2007) (en banc)." *Id.* at 1259.

The School District does not contest Mr. McDowell's claim to qualified immunity because, although he erred by removing the Student from class, the error was not of sufficient magnitude to cause individual constitutional liability for the reasons set forth in his motion for summary judgment. After all, as the Seventh Circuit recognized, there exists a "very real tension between anti-harassment laws and the Constitution's guarantee of freedom of speech." *Zamecnik v. Indian Prairie Sch. Dist. No. 204*, 636 F.3d 874, 877 (7th Cir. 2011). No less tension exists between those free speech rights and other, less formal efforts to stop bullying in the public schools.

Mr. McDowell would therefore appropriately be entitled to qualified immunity. Because of his status in that respect, the School District cannot be held liable through any variation of an analysis of its alleged deliberate indifference.

## CONCLUSION

For the reasons stated above and in its Motion for Summary Judgment and supporting brief, Defendant Howell Public Schools respectfully requests that it be granted summary judgment. The School District further requests an award of costs and reasonable attorney fees pursuant to 42 U.S.C. § 1988.

                                                Respectfully submitted,

                                                THRUN LAW FIRM, P.C.
                                                Attorneys for Defendant Howell Public
                                                School District

Dated: December 20, 2012                /s/ Roy H. Henley
                                                Roy H. Henley (P39921)
                                                2900 West Road
                                                P.O. Box 2575
                                                East Lansing, Michigan 48826-2575
                                                Telephone:  (517) 484-8000
                                                rhenley@thrunlaw.com

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 20, 2012.

                                        s/Carrie L. Watts
                                        CARRIE L. WATTS