IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL GLOWACKI and SANDRA GLOWACKI, on behalf of her minor child D.C.G.,

    Plaintiffs,

v.

HOWELL PUBLIC SCHOOL DISTRICT, and JOHNSON ("JAY") MCDOWELL, individually and in his official capacity as a teacher in the Howell Public School District,

    Defendants.

Case No. 2:11-cv-15481

Hon. Patrick J. Duggan

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

This matter is before the Court on Plaintiff Daniel Glowacki's Motion for Attorneys' Fees, Costs, and Expenses, filed on July 3, 2013. (ECF No. 47.) The motion has been fully briefed. Having determined that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court denies Plaintiff's Motion.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

The facts of this case were thoroughly discussed in this Court's June 19, 2013 Opinion and Order on the Parties' Cross Motions for Summary Judgment.

*Glowacki v. Howell Pub. Sch. Dist.*, No. 11-15481, 2013 U.S. Dist. LEXIS 85960, (E.D. Mich. June 19, 2013) (Duggan, J.); (ECF No. 43).  The Court incorporates those facts herein.  Accordingly, the Court briefly outlines the facts as pertinent to the instant motion.

**A.     Complaint**

On December 14, 2011, Plaintiff Sandra Glowacki commenced this lawsuit on behalf of her two minor sons, Daniel Glowacki and D.C.G., as their next of friend.  Since that time, Daniel reached the age of majority and the Court ordered the Clerk of the Court to substitute Daniel into the present action.  Plaintiffs instituted this action against Defendants Howell Public School District ("School District") and Howell High School teacher Johnson "Jay" McDowell, in his individual and official capacities, pursuant to 42 U.S.C. §§ 1983 and 1988, alleging that Defendants violated Plaintiffs' First and Fourteenth Amendment rights.  Specifically, Daniel alleged that McDowell violated his rights to freedom of speech and equal protection when he was removed from class after making a statement disapproving of homosexuality.  With respect to the School District, Daniel alleged that two policies – the District's Anti-Bullying Policy and Religious Expression Policy – were facially unconstitutional.  Furthermore, Daniel alleged that the School District should be held liable for McDowell's unconstitutional conduct under various theories of municipal liability.  Plaintiff D.C.G. asserted that

the events giving rise to his brother's claims chilled the exercise of his First Amendment speech rights. As relief for Defendants' conduct, Plaintiffs sought injunctive relief, a declaration that Defendants acted unconstitutionally, nominal damages,[1] and costs and fees.

## B. Cross Motions for Summary Judgment

On November 15, 2012, after having completed discovery, Plaintiffs and each Defendant separately filed motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. After a careful analysis of the various claims and defenses asserted by each party, this Court issued a ruling on June 19, 2013. Of the various claims asserted against both Defendants, the Court granted summary judgment in favor of Daniel Glowacki on a single count, finding that McDowell violated Daniel's First Amendment rights when he removed Daniel from class after Daniel made an in-class remark disapproving of homosexuality and further finding that McDowell was not entitled to qualified immunity. *Glowacki*, No. 11-15481, 2013 U.S. Dist. LEXIS 85960, at \*29-\*30, \*33-\*37. The Court dismissed Daniel's Fourteenth Amendment claim against McDowell, *id.* at

---

[1] Although Plaintiffs sought nominal damages in their Complaint, at the hearing on the parties' motions for summary judgment, Plaintiffs' counsel repeatedly asserted that her clients sought only declaratory and injunctive relief. At the end of the hearing, counsel explained that nominal damages were included in the Complaint because they are awarded as a matter of course if a court finds a constitutional violation. The Court agreed that nominal damages should be awarded given its finding that Daniel's First Amendment rights were violated.

\*59-\*63, and further dismissed Plaintiff D.C.G.'s 's First Amendment "chill" claim as the Court concluded that D.C.G. had not suffered an injury-in-fact and thus lacked standing to bring his claim, *id.* at \*44-46.

The Court granted summary judgment in favor of the School District on Plaintiffs' First and Fourteenth Amendment claims. *Id.* at \*58-\*63. With respect to Plaintiffs' facial challenge of the School District's policies, the Court found that "Plaintiffs have not pointed to anything in the record supporting their contention that the School District's policies are facially unconstitutional rendering the argument both legally and factually frivolous." *Id.* at \*42. Because the School District's policies were entirely constitutional, the Court declined to enjoin further enforcement of said policies and determined that Plaintiffs' were not entitled to any form of injunctive relief. *Id.* at \*43 n.11. Lastly, the Court rejected Plaintiffs' efforts to hold the School District liable pursuant to any theory of municipal liability. *Id.* at \*46-58.

As a result of the above conclusions, the Court issued a judgment declaring that McDowell violated Daniel's First Amendment rights and awarded Daniel nominal damages in the amount of one dollar ($1.00) for the First Amendment violation. (J., ECF No. 44.)

On July 3, 2013, Plaintiff Daniel Glowacki filed the instant motion seeking attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## II. ANALYSIS

Plaintiff has moved for $116,465.88 in attorneys' fees and $7,661.73 in costs and expenses[2] for a total of $124,127.61 pursuant to 42 U.S.C. § 1988. (Pl.'s Br. 10.) In enacting and amending the Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, Congress has authorized federal courts to award "a reasonable attorney's fee" in civil rights cases, including those initiated pursuant to 42 U.S.C. § 1983, but such fees may only be awarded to "the prevailing party[.]" 42 U.S.C. § 1988(b). To be considered a prevailing party, a party must receive "at least some relief on the merits of at least some of his claims." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603, 121 S. Ct. 1835, 1839 (2001) (quotation omitted). A party prevails in his lawsuit when there has been a "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93, 109 S. Ct. 1486, 1494 (1989). That material alteration must affect the behavior of the defendant towards the plaintiff. *Rhodes v. Stewart*, 488 U.S. 1, 4, 109 S. Ct. 202, 203 (1988) (per curiam).

---

[2] Plaintiff submitted $4,174.76 of his claimed costs to the Taxation Clerk pursuant to Federal Rule of Civil Procedure 54(d)(1). The amount Plaintiff seeks in the instant action has been reduced to reflect the submitted Bill of Costs. The Taxation Clerk allowed $3,068.04 of Plaintiff's claimed costs. (ECF No. 49.)

There is no question that Plaintiff is not a prevailing party vis-à-vis the School District as the Court entered summary judgment in favor of the School District on all counts.[3] Therefore, to be eligible for attorney's fees, Plaintiff must be a prevailing party with respect to his claims against Defendant McDowell.

Despite McDowell's efforts to disclaim Plaintiff's prevailing party status, (Def.'s Resp. 2-3), the Supreme Court of the United States has held that "a plaintiff who wins nominal damages is a prevailing party under § 1988." *Farrar v. Hobby*,

---

[3] Although Defendant McDowell points out that Plaintiff did not prevail against the School District, Plaintiff makes no effort to limit his fee request to charges incurred in the course of litigation against McDowell. Rather, Plaintiff inexplicably seeks to recover all attorney fees and costs irrespective of whether the time and/or recoverable funds expended were necessary to succeed against McDowell. *See Fox v. Vice*, --- U.S. ---, 131 S. Ct. 2205, 2214 (2011) ("The fee award, of course, should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief: Such work cannot be deemed to have been expended in pursuit of the ultimate result achieved.") (quotation and internal quotation marks omitted); *cf. Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 421 F.3d 417, 423 (6th Cir. 2005) ("[W]hen claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims[.]"). To the extent Plaintiff believes his unsuccessful claims against the School District derive from a common core of operative facts or are premised on the same legal theories as those against McDowell, Plaintiff is mistaken. While the municipal liability claim against the District necessarily depended on a predicate constitutional violation by McDowell, this is the sole intersection between the claims against the two Defendants. But even with this overlap, the facts pertaining to the underlying violation had to be developed as to McDowell regardless. Further, the facts pertaining to the School District's policies and training on such policies, as well as the legal theory underlying municipal liability, are completely untethered from the facts and theory necessary to succeed against McDowell. Given these realities, the Court does not understand why Plaintiff seeks to be reimbursed "for work performed on claims that bore no relation to the grant of relief[.]" *Fox*, 131 S. Ct. at 2214.

506 U.S. 103, 113, 113 S. Ct. 566, 574 (1992). As the Court explained, a "material alteration of the legal relationship between the parties occurs" when "the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Id.* at 113, 113 S. Ct. at 574. "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id.* Under *Farrar*, Plaintiff – who received an enforceable judgment of nominal damages against McDowell – is thus a prevailing party within the meaning of section 1988.

That Plaintiff is a prevailing party, however, is the beginning of the inquiry, not the end. A prevailing party does not have a right to attorney's fees under section 1988; rather, the statute commits an award of reasonable fees to the discretion of the court. 42 U.S.C. § 1988(b) ("[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs. . . ."); *Day v. James Marine, Inc.*, 518 F.3d 411, 419 (6th Cir. 2008) ("Statutes like § 1988 make fees permissible, not mandatory. . . ."). In other words, prevailing party status merely brings a plaintiff across the statutory eligibility threshold. Once this threshold is met, a court must then determine what fee is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, [] 103 S. Ct. 1933 (1983).

7

While a prevailing civil rights plaintiff "ordinarily recover[s] an attorney's fee[,]" a court may decline to award fees if "special circumstances would render such an award unjust." *Lefemine v. Widerman*, --- U.S. ---, 133 S. Ct. 9, 11 (2012) (quotation and internal quotation marks omitted). One circumstance in which no fees should be awarded is when the plaintiff receives nominal damages because of a "success [that] is purely technical or *de minimis*[.]" *Farrar*, 506 U.S. at 117, 113 S. Ct. at 576 (O'Connor, J., concurring). This is because "[s]uch a plaintiff either has failed to achieve victory at all, or has obtained only a Pyrrhic victory for which the reasonable fee is zero." *Id.* "Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Id.* at 114, 113 S. Ct. at 574. Importantly, however, "[n]ominal relief does not necessarily a nominal victory make." *Id.* at 121, 113 S. Ct. at 578 (O'Connor, J., concurring).

As the above-cited authority makes clear, not all civil rights plaintiffs obtaining nominal damages will categorically be entitled to or denied attorney's fees. Because the touchstone of the attorney's fee inquiry is reasonableness, the Court must now determine whether Plaintiff's request is reasonable. Although the majority opinion in *Farrar* provides but one consideration to guide courts engaged in the complicated task of determining a reasonable attorney's fee, Justice O'Connor's concurrence articulates two additional factors. As the majority

8

explained, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Id.* at 114, 113 S. Ct. at 574 (quoting *Hensley*, 461 U.S. at 436, 103 S. Ct. at 1941). Other considerations bearing on a plaintiff's degree of success include "the significance of the legal issue on which the plaintiff claims to have prevailed[,]" and "the public purpose served" by the litigation. *Id.* at 121-22, 113 S. Ct. at 578-79 (O'Connor, J., concurring). The Court discusses these factors *seriatim*.

**A.     Degree of Success Obtained**

The majority in *Farrar* measured the plaintiff's degree of success in terms of the difference between the amount of damages the plaintiff recovered in relation to the damages sought. *Id.* at 114, 113 S. Ct. at 575 (quotation omitted) (holding that plaintiff was not entitled to attorney's fees where he filed lawsuit seeking seventeen million dollars in compensatory damages but was awarded only one dollar ($1.00) in nominal damages). Given that not all plaintiffs seek compensatory damages, this sort of comparison cannot logically be the sole measure of a plaintiff's success. This case illustrates such a situation as Plaintiff did not seek compensatory damages out of an acknowledgement that he suffered no actual damages. Further evidencing the Court's conclusion that the *Farrar* Court's method of measuring success is not the only method is Justice O'Connor's statement in concurrence that even in some cases where a plaintiff unsuccessfully

9

seeks compensatory damages, "an award of nominal damages can represent a victory in the sense of vindicating rights even though no actual damages are proved." *Id.* at 121, 113 S. Ct. at 578 (O'Connor, J., concurring). Although these principles preclude the possibility of defining a plaintiff's degree of success with great precision, as a general matter, the rule may be stated as follows: "Where a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee;" however, "if a plaintiff obtains 'limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained.'" *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir. 2005) (quoting *Hensley*, 461 U.S. at 436, 103 S. Ct. at 1941).

Plaintiff contends that the outcome of the underlying action was a resounding victory and evidences excellent results. Specifically, Plaintiff argues that he "sought a declaratory judgment from the Court that Defendant McDowell violated his First Amendment right to free speech and obtained that result." (Pl.'s Reply 1.) According to Plaintiff, the fact that he "did not prevail on both claims raised in the lawsuit" does not render his request for attorney's fees unreasonable. (*Id.*) The Court, however, disagrees with Plaintiff's characterization of the extent of his success. While Plaintiff may have raised two claims against McDowell, more than two claims were raised in the entire action. Plaintiff does not explain (or even address) why he is entitled to recover fees for the claims brought against

the School District and the claim brought on behalf of D.C.G. – claims the Court dismissed with prejudice. Viewed in the context of the entire action, Plaintiff's degree of success is seriously diminished.

The Court believes it is critically important to note that it recognizes that the degree of a plaintiff's success is not measured by reference to the ratio of victorious to non-victorious claims; certainly, "plaintiffs may receive fees under § 1988 even if they are not victorious on every claim." *Fox v. Vice*, ---U.S. ---, 131 S. Ct. 2205, 2214 (2011); *see also Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 554 (6th Cir. 2008) ("We have 'repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed.'") (quoting *Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 421 F.3d 417, 423 (6th Cir. 2005)). The Court's conclusion that Plaintiff's limited success renders his request for attorney's fees unreasonable is, however, based on more than the ratio of wins to losses. Rather, as elucidated more fully below, it is based on the Court's finding that the *de minimus* and technical nature of the nominal damages award[4] coupled with the declaratory judgment[5] constitutes a mere "Pyrrhic victory" when viewing the forest as opposed to merely the trees. *Farrar*, 506 U.S. at 117, 113 S. Ct. at 576 (O'Connor, J., concurring).

---

[4] *See* note 1, *supra*.

The Court first addresses the forest. As mentioned above, Plaintiff's success is undercut by the fact that in the underlying action, Plaintiff devoted a great deal of energy to challenging the constitutionality of the School District's Anti-Bullying and Religious Expression policies and the training (or lack thereof) associated with those policies. Plaintiff also continually emphasized that McDowell believed that these purportedly unconstitutional policies gave him authority to engage in his unconstitutional conduct and that the School District should therefore be held responsible for Plaintiff's injury. Plaintiff did not prevail on either ground. Thus, similar to the comparison of damages sought to damages received in *Farrar*, the Court has compared the various forms of relief sought and arguments put forth by Plaintiff to the relief awarded and the meritorious arguments. On the basis of this comparison, the Court concludes that Plaintiff was not as successful as he would like to believe.

The Court now turns to Plaintiff's contention that he "sought a declaratory judgment from the Court that Defendant McDowell violated his First Amendment right to free speech and obtained that result[,]" (Pl.'s Reply 1), as it pertains to the reasonableness of the requested fee. While certainly true that Plaintiff received a declaration from this Court, the Court's declaration would not, standing alone, necessarily transform Plaintiff into a prevailing party pursuant to section 1988. *Rhodes*, 488 U.S. at 3, 109 S. Ct. at 203 (explaining that nothing in the Court's

precedent "suggested that the entry of [a declaratory] judgment in a party's favor automatically renders that party prevailing under § 1988[]"). This is because a declaratory judgment "constitute[s] relief, for purposes of § 1988, if, and only if, it affects the behavior of the defendant towards the plaintiff." *Id.* at 4, 109 S. Ct. at 203.

In *Rhodes*, the Supreme Court "reversed an award of attorney's fees premised solely on a declaratory judgment that prison officials had violated the plaintiffs' First and Fourteenth Amendment rights." *Farrar*, 506 U.S. at 110, 113 S. Ct. at 572 (summarizing *Rhodes*). This reversal was proper because by the time the District Court entered judgment, "one of the plaintiffs had died and the other was no longer in custody." *Rhodes*, 488 U.S. at 2, 109 S. Ct. at 202. In these circumstances, neither plaintiff qualified for prevailing party status because "[w]hatever 'modification of prison policies' the declaratory judgment might have effected 'could not in any way have benefited either plaintiff, one of whom was dead and the other released[.]'" *Farrar*, 506 U.S. at 110, 113 S. Ct. at 572 (quoting *Rhodes*, 488 U.S. at 4, 109 S. Ct. at 203).

While *Rhodes* is distinguishable from this case in that the *Rhodes* plaintiffs received *only* declaratory relief, the Court finds *Rhodes* instructive in evaluating the overall impact of the underlying litigation. In this case, as in *Rhodes*, any hypothetical modification of McDowell's future conduct will not benefit Plaintiff

13

as he no longer attends Howell High School. Moreover, the Court's declaration that McDowell violated Plaintiff's First Amendment rights has not and will not affect McDowell's behavior towards Plaintiff.

The Court is not convinced that the award of nominal damages (although sufficient to confer prevailing party status) somehow cloaks Plaintiff's fee request in a robe of reasonableness, particularly when considering the technical nature of those nominal damages. Although Plaintiff requested nominal damages in the Complaint, the Court repeatedly inquired into the relief sought during the April 2013 motion hearing and Plaintiff's counsel repeatedly indicated that she was seeking only declaratory and injunctive relief. Not until the very end of the hearing – after persistent questioning by the Court – did Plaintiff's counsel even mention nominal damages. When counsel finally addressed the request for nominal damages in the Complaint, she explained that the prayer for nominal damages was included because such damages are automatically awarded upon a court's declaration that a plaintiff's constitutional rights have been infringed. "Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Farrar*, 506 U.S. at 114, 113 S. Ct. at 574. Counsel's colloquy with the Court during the motion hearing supports the conclusion that the nominal damages award here was purely technical which in

14

turn justifies the Court's ultimate conclusion that the fees requested are unreasonable.

While true that Plaintiff succeeded in obtaining a declaration that McDowell's conduct violated Plaintiff's free speech rights and that Plaintiff was awarded one dollar ($1.00) in nominal damages as a result, Plaintiff did not accomplish much else during the course of litigation.  The School District had already expressed disapproval of McDowell's actions and reprimanded the long-time teacher.  While Plaintiff was apparently not pleased with the reprimand the School District ultimately placed in McDowell's file, the School District condemned McDowell's actions and indicated that McDowell's actions violated District policy.  The Court's declaration, while bearing the imprimatur of the law, did not accomplish much of anything beyond lending credence to the School District's previously expressed disapproval of McDowell's actions.

The Court concludes that this first factor – and the most important of the three – weighs against Plaintiff's request for attorney's fees.

**B.      Significance of the Legal Issue**

Even though this Court concludes that the first and most important factor weighs against an attorney's fee award, Justice O'Connor's concurring opinion in *Farrar* reminds judges that not all nominal damages awards are *de minimus*. *Id.*, 506 U.S. at 121, 113 S. Ct. at 578 (O'Connor, J., concurring).  Thus, the second

consideration asks courts to consider the significance of the legal issue on which a plaintiff claims to have prevailed. *Id.* (citation omitted). Plaintiff correctly points out that he succeeded on the issue of liability. But, as the plaintiff in *Farrar*, "even on that issue he cannot be said to have achieved a true victory." *Id.* Defendant was just one of two defendants in the action and the policies challenged by Plaintiff remained unscathed by the Court's Opinion and Order. The fact that Plaintiff prevailed on the merits as against McDowell does not mean that the issue is legally significant. As the Court explained in its Opinion and Order, the law at the time of the underlying events was clearly established and "it is axiomatic that government actors are not immune from obvious violations of one's constitutional rights." *Gray v. Bostic*, 720 F.3d 887, 896 (10th Cir. 2013). Although Plaintiff prevailed on the issue of whether his civil right was violated, this "victory did not alter the landscape of civil rights law in the public schools." *Id.* Thus, this second factor also weighs against Plaintiff's request for attorney's fees.

**C.   Public Purpose Served**

The degree of Plaintiff's "success might be considered material if it also accomplished some public goal other than occupying the time and energy of counsel, court, and client." *Farrar*, 506 U.S. at 121-22, 113 S. Ct. at 578 (O'Connor, J., concurring). Of course, and as the Seventh Circuit has explained, "since all § 1983 claims seek to redress the deprivation of rights, privileges[,] and

16

immunities secured by the Constitution and laws, this factor is not satisfied merely because the plaintiff establishes, as he did here, that his constitutional rights have been infringed." *Maul v. Constan*, 23 F.3d 143, 146 (7th Cir. 1994). In other words, bringing an action to remedy private wrongs does not always equate to litigation in furtherance of a public purpose.

The Court is hard-pressed to uncover the public purpose vindicated by the instant action, particularly since the only claim on which Plaintiff prevailed dealt with an isolated classroom incident unlikely to occur in the future. Plaintiff's success cannot be said to have embodied some public purpose when Plaintiff's counsel alluded to the fact that the lawsuit was maintained for purposes of Plaintiff's moral vindication. This allusion is evidenced by statements made by Plaintiff's counsel during the April 2013 motion hearing. During that hearing, Plaintiff's counsel suggested that had the School District imposed more significant sanctions on McDowell and had the parties apologized to Plaintiff, the litigation most likely never would have proceeded as far as it did. While McDowell certainly had control over whether or not he apologized, McDowell had little influence over the sanction he received as the School District had a collective bargaining agreement regulating labor relations between it and the teachers employed by it. In sum, the Court believes that this action served no public purpose as it only redressed Plaintiff's injury.

Further undermining any suggestion of a public purpose served by this litigation is the fact that the School District, which defeated each and every claim Plaintiff and his brother D.C.G. brought against it, was forced to expend taxpayer funds to defend itself. While the School District did acknowledge in the wake of the events giving rise to this lawsuit that the District's anti-bullying training should expand to encompass First Amendment training, there is no evidence that the lawsuit is what prompted this acknowledgment as opposed to the incident itself.

In sum, while the incident may have created a teachable moment for those involved, neither the Court's declaration nor the award of nominal damages accomplished much beyond what Plaintiff had in the first place and neither is likely to deter future misconduct. *Farrar*, 506 U.S. at 122, 113 S. Ct. at 578 (O'Connor, J., concurring) (suggesting that deterrence of future lawless conduct serves a role in the public purpose of a lawsuit). The third factor, therefore, also weighs against granting Plaintiff's motion.

### III.  CONCLUSION AND ORDER

Although Plaintiff is technically a prevailing party, the Court does not believe that an award of attorney's fees would be reasonable. Viewing the action in its entirety, the Court finds that Daniel's success was in actuality rather limited as the litigation accomplished little more than moral vindication in a distant dispute between a teacher and a student. The Court's declaration did not order McDowell

to alter his future conduct nor would any such order have benefited Plaintiff, who graduated by the time the Court rendered its decision.  Furthermore, the Court's Judgment did nothing to alter, amend, or otherwise change the School District's policies, which appeared to be the primary goal of the underlying litigation.

Accordingly,

**IT IS ORDERED** that Plaintiff Daniel Glowacki's Motion for Attorneys' Fees, Costs, and Expenses (ECF No. 47) is **DENIED**.

Dated: September 16, 2013

                                      s/PATRICK J. DUGGAN  
                                      UNITED STATES DISTRICT JUDGE

Copies to:

**Erin E. Mersino, Esq.**
**Richard Thompson, Esq.**
**Roy H. Henley, Esq.**
**Suzanne P. Bartos, Esq.**
**Michael J. Steinberg, Esq.**