IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL GLOWACKI and SANDRA
GLOWACKI, on behalf of her minor
child D.C.G.,

    Plaintiffs,

  v.

HOWELL PUBLIC SCHOOL
DISTRICT, and JOHNSON ("JAY")
MCDOWELL, individually and in his
official capacity as a teacher in the Howell
Public School District,

    Defendants.

Case No. 2:11-cv-15481

Hon. Patrick J. Duggan

## OPINION AND ORDER GRANTING PLAINTIFFS' OBJECTION TO ENTRY OF TAXABLE COSTS

On December 14, 2011, Plaintiff Sandra Glowacki commenced this lawsuit on behalf of her two minor sons, Daniel Glowacki and D.C.G., as their next of friend.  Since that time, Daniel reached the age of majority and the Court ordered the Clerk of the Court to substitute Daniel into the present action.  D.C.G., however, remains a minor and lacks the capacity to be a named plaintiff.  As pertinent to the present matter, Plaintiffs instituted this civil rights action against Defendant Johnson "Jay" McDowell pursuant to 42 U.S.C. §§ 1983 and 1988.  Daniel alleged that McDowell violated his First Amendment free speech rights and his Fourteenth Amendment equal protection rights while D.C.G. asserted that the

events giving rise to his brother's claims chilled the exercise of his First Amendment speech rights. After completing discovery, Plaintiffs and McDowell filed cross motions for summary judgment. On June 19, 2013, the Court granted Plaintiffs' motion for summary judgment on a single count – finding that McDowell violated Daniel's First Amendment rights – but denied Plaintiffs' motion in all other respects. The Court's Opinion and Order denied McDowell's motion for summary judgment with respect to Daniel's First Amendment claim but granted McDowell's motion as to Daniel's Fourteenth Amendment claim and D.C.G.'s First Amendment "chill" claim. On the same date, the Court entered a judgment reflecting the claims as discussed above.

On July 10, 2013, McDowell filed a Bill of Costs against Plaintiff D.C.G., seeking costs in the amount of $1,123.05 for various deposition transcripts allegedly used to support McDowell's summary judgment motion. (ECF No. 50.) The Clerk of the Court taxed costs against D.C.G. in the amount requested by McDowell on July 11, 2013. (ECF No. 51.)

Presently before the Court is Plaintiffs' Objection to Defendant Johnson "Jay" McDowell's Bill of Costs which was timely filed on July 18, 2013. (ECF No. 53.) Plaintiffs contend that (1) McDowell is not a prevailing party entitled to costs, (2) McDowell erred in requesting $1,123.05 in costs directly from minor D.C.G., and (3) the Clerk of the Court mistakenly taxed D.C.G. with the full

amount of costs despite the fact that only one deposition transcript was used in support of McDowell's victorious claim against D.C.G. Because the Court finds the third argument dispositive, it does not address the others.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in part: "Unless a federal statute, these rules, or a court order provides otherwise, costs– other than attorney's fees– should be allowed to the prevailing party." The Sixth Circuit has described this rule as "establish[ing] a norm of action: prevailing parties are entitled to their costs as of course." *Goostree v. State of Tennessee*, 796 F.2d 854, 863 (6th Cir. 1986) (citation omitted). Departures from this rule are permitted, nevertheless, "'. . . the court's discretion is more limited than it would be if the rule were nondirective.'" *Id.* (quoting *Coyne-Delaney Co. v. Capital Dev. Bd. of State of Illinois*, 717 F.2d 385, 392 (7th Cir. 1983)). "'It is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption' favoring an award of costs to the prevailing party." *Id.* (quoting *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)).

Costs do not include all litigation expenses; rather, costs are particular statutorily-defined categories of charges incurred in litigation deemed worthy of reimbursement. Title 28 U.S.C. § 1920 enumerates the costs which may properly be taxed. Deposition transcript costs are taxable pursuant to this statute provided

that such transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

McDowell's Bill of Costs included the costs of all the transcripts McDowell used in his summary judgment motion irrespective of whether or not those transcripts were used in support of defeating D.C.G.'s First Amendment "chill" claim. Because Rule 54(d)(1) permits only prevailing parties to recover costs, McDowell is not entitled to recover costs incurred while defending claims brought by Daniel as Daniel, not McDowell, prevailed on his First Amendment claim.[1] The only transcript McDowell used in defeating D.C.G.'s claim was the deposition of D.C.G. Thus, to the extent the Clerk of the Court mistakenly taxed D.C.G. the full amount of costs requested by McDowell, this error must be corrected. McDowell is not entitled to reimbursement for the following requested costs:

- Transcripts of Wendy S. Hiller and Mark A. Sharp in the amount of $227.35;

- Transcript of Johnson McDowell in the amount of $344.20;

- Transcript of Daniel Guernsey in the amount of $371.35.

An additional problem presented by McDowell's requested costs is that the invoice evidencing D.C.G.'s deposition also contains the invoice for Daniel's

---

[1] While McDowell may believe that the various deposition transcripts were "necessarily obtained for use in the case[,]" 28 U.S.C. § 1920(2), prevailing party status remains a prerequisite to recovering costs. That McDowell prevailed against D.C.G. does not mean that McDowell prevailed against Daniel.

deposition. The receipt for these transcripts reflects a balance of $640.00 but the receipt does not itemize the costs. Because McDowell is not entitled to recover funds expended in obtaining a copy of Daniel's deposition transcript, the failure to itemize is rather problematic as the Court has no way of ascertaining the cost of each transcript.

To address this oversight, the Court consulted the United States District Court for the Eastern District of Michigan Bill of Costs Handbook ("Handbook").[2] The Handbook provides that counsel seeking court reporter fees associated with fees in support of a motion shoulders the burden of "providing the required receipts . . . or other documentation to support their Bill of Costs[,]" and admonishes counsel that "[c]osts submitted without supporting documentation will be denied." Although some supporting documentation was provided, the supporting documentation is insufficient.

On the basis of the foregoing, the Court concludes that no costs should have been taxed against D.C.G.

Accordingly,

**IT IS ORDERED** that Plaintiff's objection to the taxed bill of costs is **GRANTED**;

---

[2] Eastern District of Michigan Local Rule 54.1 provides: "The clerk will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook available from the clerk's office and the court's website."

5

**IT IS FURTHER ORDERED** that Defendant McDowell is not entitled to recover costs in this action.

Dated: September 16, 2013

                               <u>s/PATRICK J. DUGGAN</u>
                               UNITED STATES DISTRICT JUDGE

Copies to:

**Erin E. Mersino, Esq.**
**Richard Thompson, Esq.**
**Roy H. Henley, Esq.**
**Suzanne P. Bartos, Esq.**
**Michael J. Steinberg, Esq.**